# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELL INFO SOLUTIONS, LLC ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| 9INE CONSULTING INC., and ) | |
| TECHNOLOGY RESOURCE GROUP, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Bell Info Solutions, LLC ("Bell Info" or "Plaintiff"), by and through undersigned counsel, for its Complaint against Defendants 9ine Consulting Inc. and Technology Resource Group Inc. (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to recover damages in the amount of $86,528.00 for breach of a contract and an account stated between Plaintiff and Defendants (collectively, the "Parties") and the corresponding breach of Defendants' duty of good faith and fair dealing, unjust enrichment, and quantum meruit.

## THE PARTIES

2. Bell Info is a Virginia limited liability company with a principal place of business at 1402 Shepard Drive, Suite 200, Sterling, Virginia 20164. The sole member of Bell Info is its President, Swathi Nadella, who is a citizen of Virginia. Plaintiff is regularly engaged in the business of providing professional information technology staffing placement and consulting services.

3. Upon information and belief, Defendant 9ine Consulting Inc. ("9ine Consulting") is a Delaware corporation with a principal place of business at 19C Trolley Square, Wilmington, DE 19806. Upon information and belief, 9ine Consulting maintains a business office at 1370 Broadway, Suite 553, New York, NY 10018. 9ine Consulting is in the business of locating technical services personnel for various clients based upon the specific needs of those clients.

4. Upon information and belief, Defendant Technology Resource Group Inc. ("TRG") is a California corporation with a principal place of business at 2900 Gordon Avenue, Suite 100, Santa Clara, CA 95051. TRG is in the business of locating technical services personnel for various clients based upon the specific needs of those clients. Upon information and belief, TRG is the parent corporation of 9ine Consulting, and 9ine Consulting is a wholly-owned subsidiary of TRG.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the parties are citizens of different states, and the matter in controversy exceeds the sum of $75,000.

6. Jurisdiction and venue are proper here because the parties entered into a Master Contractor Agreement (the "Contract") dated May 21, 2015, which provided in relevant part that "Any lawsuits pertaining to this Agreement or the services provided hereunder shall be brought only in the federal or state courts in the State of (DELAWARE/NEW YORK)," and each consented to the "exercise of personal jurisdiction over it by such courts." Contract, ¶ 19. A true copy of the parties' May 21, 2015 contract is attached hereto as Exhibit A.

7. Defendant 9ine Consulting is also subject to personal jurisdiction in New York because it transacts business in this judicial district and maintains an office here.

8. Defendant TRG is also subject to personal jurisdiction in New York because it transacts business in this judicial district.

9. Venue is also proper in this Court pursuant to 28 U.S.C. §1391 because (a) this is the district in which Defendant 9ine Consulting resides; (b) a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district; and (c) all Defendants are subject to personal jurisdiction in this judicial district.

## FACTUAL ALLEGATIONS

10. On or about May 21, 2015, Plaintiff Bell Info and Defendants 9ine Consulting and TRG entered into the Contract pursuant to which Bell Info agreed to introduce technical personnel services candidates to 9ine Consulting and TRG, which, in turn, would submit those technical support candidates to Defendants' clients.

11. In accordance with the parties' written Contract, Plaintiff was to be compensated by Defendants in accordance with purchase orders, or work orders, for each of the technical support candidates Plaintiff supplied to Defendants' clients through 9ine Consulting.

12. Defendants were to compensate Bell Info with monthly payments based upon the billable hours of the technical support personnel placed with the client by Bell Info through 9ine Consulting.

13. Defendants were required by the parties' Contract to pay Plaintiff as per payment terms mentioned in the purchase orders, which in all cases never exceeded forty-five (45) days from receipt of invoices.

14. Pursuant to the parties' Contract, Bell Info undertook efforts to find and place qualified technical services personnel who would provide information technology consulting services to 9ine Consulting or to clients of 9ine Consulting.

15. Bell Info did, in fact, place a technical service candidate named Sindu Sree Ganne with 9ine Consulting, who in turn placed him with an end client through one or more implementation partners.

16. The purchase order for the services of Sindu Sree Ganne required Defendants to compensate Bell Info at the rate of $51.00 per hour for each hour Sindu Sree Ganne worked for the end client. A true copy of the purchase order for Sindu Sree Ganne is attached hereto as Exhibit B.

17. Bell Info did, in fact, place another technical service candidate named Narmada Sudigala with 9ine Consulting, who in turn placed him with an end client through one or more implementation partners.

18. The purchase order for the services of Narmada Sudigala required Defendants to compensate Bell Info at the rate of $52.00 per hour for each hour Narmada Sudigala worked for the end client. A true copy of the purchase order for Narmada Sudigala is attached hereto as Exhibit C.

19. In accordance with the parties' Contract, between August 2015 and March 2016, Plaintiff submitted the following invoices, with corresponding approved timesheets, to Defendants for a total of $86,528.00, which reflected the amount Defendants were to pay Bell Info for the work performed by Sindu Sree Ganne and Narmada Sudigala.

| Invoice Date | Invoice # | Payment Terms | Amount |
|---|---|---|---|
| 08/11/2015 | 3381 | net 45 days | $ 8,976.00 |
| 09/10/2015 | 3450 | net 45 days | $ 8,568.00 |
| 10/09/2015 | 3561 | net 45 days | $ 8,568.00 |
| 11/18/2015 | 3742 | net 45 days | $ 8,976.00 |
| 12/09/2015 | 3873 | net 45 days | $ 5,712.00 |
| 12/16/2015 | 3929 | net 3 days | $ 5,824.00 |

| Invoice Date | Invoice # | Payment Terms | Amount |
|---|---|---|---|
| 01/08/2016 | 4038 | net 45 days | $ 6,936.00 |
| 01/09/2016 | 4068 | net 3 days | $ 8,736.00 |
| 02/03/2016 | 4197 | net 45 days | $ 7,752.00 |
| 02/05/2016 | 4227 | net 3 days | $ 8,320.00 |
| 03/11/2016 | 4509 | net 45 days | $ 8,160.00 |
| | | **TOTAL DUE:** | **$86,528.00** |

True copies of the above invoices from Bell Info to Defendants are attached hereto as Exhibit D.

20.     Defendants were required to pay the above invoices in accordance with the applicable payment terms -- as noted, within either three (3) or forty-five (45) days of Defendants' receipt of each invoice and corresponding timesheet approved by 9ine Consulting's client.

21.     More than forty-five days have elapsed since Bell Info submitted each of the above invoices, with client-approved timesheets to Defendants, but, to date, Defendants have failed and refused to pay Bell Info the $86,528.00 Defendants owe to Plaintiff as reflected in the above invoices, attached hereto as Exhibit D.

22.     Defendants failure to tender the amount due under the above invoices (i.e., $86,528.00 for the services rendered by Sindu Sree Ganne and Narmada Sudigala has proximately caused Bell Info to sustain a direct principal loss of $86,528.00.

**COUNT ONE**
**(Breach of Contract)**

23.     Plaintiff repeats the allegations contained in paragraphs 1 through 22 as if set forth at length herein.

24.     Bell Info reasonably contemplated that it would be compensated for the services it rendered to Defendants and/or 9ine Consulting's clients pursuant to the parties' Contract.

25.     Plaintiff fully performed its duties and obligations under the Contract.

5

26. Defendants have failed or refused to pay the amounts due, and owe the agreed-upon fee to Plaintiff as reflected in the above invoices, attached hereto as Exhibit D.

27. Defendants' failure or refusal to pay Bell Info the outstanding contractual charges constitutes material breaches of the Contract.

28. As a direct and proximate result of Defendants' breaches, and pursuant to the terms of the Contract, Plaintiff is entitled to damages in the amount of $86,528.00, plus interest and costs of suit.

WHEREFORE, Plaintiff Bell Info Solutions, LLC demands that judgment be entered in its favor and against Defendants 9ine Consulting Inc. and Technology Resource Group Inc., in the amount of $86,528.00, together with interest, reasonable attorneys' fees, costs of suit and expenses, and such further relief as the Court deems just and equitable.

## COUNT TWO
### (Breach of Duty of Good Faith and Fair Dealing)

29. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 28 of the Complaint as if fully set forth at length herein.

30. Inherent in every contract in the State of New York is an implied covenant of good faith and fair dealing.

31. Accordingly, in the parties' Contract, an implied covenant of good faith and fair dealing exists, and Defendants owed Bell Info a duty of good faith and fair dealing.

32. By failing to make payment for services rendered, despite the absence of any complaints pertaining to Bell Info's performance within a reasonable period of time, Defendants engaged in bad faith motivated by its desire to avoid paying Plaintiff for services rendered pursuant to the parties' written Contract.

33. By failing and refusing to pay Bell Info the full amount due under the above invoices, attached hereto as Exhibit D, Defendants, or their authorized representatives, engaged in bad faith motivated by their desire to deprive Plaintiff from receiving the benefits of the parties' written Contract.

34. Defendants' conduct breached the implied covenant of good faith and fair dealing.

35. As a direct and proximate result of defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff sustained damages in the amount of $86,528.00, plus interest and costs of suit.

WHEREFORE, Plaintiff Bell Info Solutions, Inc. demands that judgment be entered in its favor and against Defendants 9ine Consulting Inc. and Technology Resource Group Inc., in the amount of $86,528.00, together with interest, reasonable attorneys' fees, costs of suit and expenses, and such further relief as the Court deems just and equitable.

## COUNT THREE
### (Account Stated)

36. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 35 of the Complaint as if fully set forth at length herein.

37. On the dates reflected in the above invoices, attached hereto as Exhibit D, Plaintiff provided Defendant with a statement of account (the invoices) relating to the services provided by Plaintiff to 9ine Consulting's clients.

38. Defendants have failed to object to, or dispute, the amount claimed by Bell Info to be due and owing to Plaintiff.

39. The statements of account by Plaintiff to Defendants have not been paid so the monies remain due and owing to Plaintiff.

40. There remains due and owing to Plaintiff from Defendants an account stated in the amount of $86,528.00.

WHEREFORE, Plaintiff Bell Info Solutions, Inc. demands that judgment be entered in its favor and against Defendants 9ine Consulting Inc. and Technology Resource Group Inc., in the amount of $86,528.00, together with interest, reasonable attorneys' fees, costs of suit and expenses, and such further relief as the Court deems just and equitable.

## COUNT FOUR
### (Unjust Enrichment)

41. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 40 of the Complaint as if fully set forth at length herein.

42. Defendants received services provided by Plaintiff in accordance with the parties' written Contract, but Defendants have failed to tender the outstanding balance due under the above invoices, attached hereto as Exhibit D, to Plaintiff and have instead kept and utilized those funds for purposes other than to pay Bell Info.

43. Defendants have been unjustly enriched by their wrongful retention of the outstanding balance, and it would be against equity and good conscience to allow Defendants to retain said outstanding balance in the face of their unlawful and inequitable conduct.

44. Defendants have therefore received the benefit of the use of the outstanding balance, despite the terms of the parties' written Contract.

45. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has sustained damages.

46. Defendants are required to make restitution to Plaintiff for the wrongfully retained proceeds, and Bell Info is entitled to recover the value of the benefit Defendants received from the use of the outstanding balance or reasonable compensation therefore.

WHEREFORE, Plaintiff Bell Info Solutions, Inc. demands that judgment be entered in its favor and against Defendants 9ine Consulting Inc. and Technology Resource Group Inc., in the amount of $86,528.00, together with interest, reasonable attorneys' fees, costs of suit and expenses, and such further relief as the Court deems just and equitable.

## COUNT FIVE
### (Quantum Meruit)

47. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 46 of the Complaint as if fully set forth at length herein.

48. The reasonable value of the unpaid balance for Plaintiff's services on behalf of Defendants is $86,528.00.

49. Payment for the reasonable value of the services has been demanded of Defendants, but Defendants have failed and refused to pay all or any portion thereof.

50. Bell Info is entitled to *quantum meruit* damages in the amount of $86,528.00 from Defendants.

WHEREFORE, Plaintiff Bell Info Solutions, LLC demands that judgment be entered in its favor and against Defendants 9ine Consulting Inc. and Technology Resource Group Inc., in the amount of $86,528.00, together with interest, reasonable attorneys' fees, costs of suit and expenses, and such further relief as the Court deems just and equitable.

Dated: New York, New York
June 14, 2016

ZEISLER PLLC

By: /s/ Aaron M. Zeisler
Aaron M. Zeisler (AZ 8818)
Robert Carrillo (RC 0721)
750 Third Avenue, 9th Floor
New York, NY 10017

Tel: (212) 671-1921
aaron@zeisler-law.com
robert@zeisler-law.com
*Attorneys for Plaintiff Bell Info Solutions, LLC*

Of counsel:

Alexander B. Berger, Esq.
LAW OFFICE OF ALEXANDER BERGER
3424 North 21st Avenue
Arlington, VA 22207
Phone: (703) 994-8133
bergera@alexbergerlaw.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all causes of action contained herein.

ZEISLER PLLC

By:   /s/ Aaron M. Zeisler
      Aaron M. Zeisler (AZ 8818)
      Robert Carrillo (RC 0721)
750 Third Avenue, 9th Floor
New York, NY 10017
Tel: (212) 671-1921
aaron@zeisler-law.com
robert@zeisler-law.com
*Attorneys for Plaintiff Bell Info Solutions, LLC*